**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 05-80658-CIV-RYSKAMP/VITUNAC

PAUL ZUMWALT,

      Plaintiff,

v.

CITY OF PALM BEACH GARDENS,
a municipal corporation, and
RONALD COUNCIL, individually,

      Defendants.
_____/

## ORDER GRANTING DEFENDANT CITY OF PALM BEACH GARDENS' MOTION TO TAX COSTS

THIS CAUSE comes before the Court pursuant to Defendant, the City of Palm Beach

Gardens' ("City") Motion to Tax Costs, filed November 17, 2006 **[DE 101]**.  Plaintiff Paul

Zumwalt ("Plaintiff") responded on November 20, 2006 **[DE 102]**.  The City replied on

November 27, 2006 **[DE 103]**.  This motion is ripe for adjudication.

On October 19, 2006, this Court, after entering summary judgment in favor of

Defendants, entered a final judgment in favor Defendants.  As a prevailing party, the City is

entitled to an award of costs under both Rule 54 and 28 U.S.C. § 1920.  Pursuant to this statute, a

prevailing party may recover the following costs:

(1)      Fees of the clerk and marshal;
(2)      Fees of the court reporter for all or any part of the stenographic transcript necessarily
            obtained for use in the case;
(3)      Fees and disbursements for printing and witnesses;
(4)      Fees for exemplification and copies of papers necessarily obtained for use in a case;

(5)      Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The City requests costs for deposition transcripts, witness fees and witness subpoenas for a total of $5,729.97.[1]  All of these items, in and of themselves, are recoverable under the statute. Some of the individual requests for costs are not recoverable, however.  The Court will address each category of requests individually.

Transcript costs are taxable under 28 U.S.C. § 1920(2).  The City requests transcript costs in the amount of $5,024.85.  The City shall receive this full amount.

The City requests fees for nine witness subpoenas.  Such fees are taxable under the statute.  See George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000) (allowing recovery of costs under 28 U.S.C. § 1920(1) in the amount of $40.00 for service of witness subpoenas provide such subpoenas are personally served during business hours).  Four of these subpoenas cost $25.00 apiece, and five of these subpoenas cost $21.00 apiece, for total of $205.00.  The City does not specify the method by which it served the subpoenas, but it shall be entitled to recover the full amount expended for witness subpoenas, as said amounts are beneath the statutory maximum.

Finally, the City requests taxation of witness fees under 28 U.S.C. § 1920(3).  The amount of the recoverable fee is established in 28 U.S.C. § 1821(b) as $40.00 per day.  The City requests a total of $500.12 in witness fees for nine individual witnesses, whose fees ranged from $40.00 through $131.99.  The City requests $55.39 each in witness fees for Robert Bolanos and

---

[1]The City erred slightly in tabulating its costs request.  Although the City requests a total of $5,777.98, the Court's tabulations indicate that the City has actually requested a total of $5,729.97.  The City appears to have twice included the $48.01 charge incurred on March 9, 2006, denoted as a deposition witness fee for Martha Kulig, MCSW.

Ronnette Bolanos, and $44.00 in witness fees for Jacqueline Jarzab.  The Court will reduce each of these witnesses' fees to $40.00.  The City requests two witness fees each for Thomas Holme, RN and Richard Harrison, M.D.  The City requests two separate witness fees for Nurse Holme and Dr. Harrison, one amounting to $42.67 and the other amounting to $40.00, on the grounds that these witnesses did not appear when first subpoenaed due to a discovery dispute.  These witnesses only testified one day each, however.  Accordingly, the City shall only be entitled to recover $40.00 for each witness.  The City requests two witness fees for Martha Kulig, MCSW, $131.99 and $44.00.  The City gives no indication that this witness testified for more than one day, nor does it provide an adequate explanation for the $131.99 charge.  Accordingly, the City shall be entitled to recover $40.00 in witness fees for Kulig.  In sum, the City may recover $240.00 in witness fees.

Plaintiff raises no objection to the amount of the claimed costs.  Rather, Plaintiff maintains that the motion to tax costs is premature in light of the Court's remanding Plaintiff's Count III to state court.  Plaintiff also maintains that, since the Court has closed this action, it is without jurisdiction to consider the motion for costs.  Neither of these arguments has merit.  Final judgment has been entered in favor of Defendants.  As such, Defendants are a prevailing party entitled to an award of costs under Rule 54 and 28 U.S.C. § 1920.  The closure of this matter in no way deprives the Court of jurisdiction to enter an award of costs, as Rule 54, 28 U.S.C. § 1920 and Local Rule 7.3(C) provides authority for filing a motion to tax costs after entry of a final judgment.  That the Court and remanded one of Plaintiff's counts to state court in no way affects the finality of the judgment.  Accordingly, it is hereby

4

ORDERED AND ADJUDGED that Defendant City of Palm Beach Gardens's Motion to

Tax Costs, filed November 17, 2006 **[DE 101]** is GRANTED.  The City shall be entitled to

recover a total of $5,469.85 in costs.  Let execution issue forthwith.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 25th day of

January, 2007.

Copies provided:                           Kenneth L. Ryskamp
all parties and counsel of record          KENNETH L. RYSKAMP
                                           UNITED STATES DISTRICT JUDGE